UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FIRST HARTFORD REALTY CORPORATION        CIVIL ACTION

VERSUS                                    NO. 11-2294

OMEGA CONTRACTORS, INC, ET AL             SECTION "H"(1)


**ORDER AND REASONS**

Before the Court are two Motions to Dismiss for Lack of Subject Matter Jurisdiction (Docs. 210, 223) filed by Defendants, Heath Polasek and Gene Hodges. For the following reasons, both Motions are DENIED.

**BACKGROUND**

First Hartford Realty Corporation ("First Hartford") hired Omega Contractors, Inc. ("Omega") as its general contractor to construct three CVS Caremark ("CVS") stores located in Louisiana and Texas. The parties executed separate contracts for each individual store. Under the

1

contracts, First Hartford paid Omega a percentage of the value of the work actually completed on a monthly basis, and Omega certified that it would use these payments to pay its laborers and subcontractors.

On May 27, 2011, Omega abandoned work at all three construction sites without notice to First Hartford.  First Hartford alleges that, of the more than five million dollars paid to Omega, two million never reached Omega's subcontractors and that CVS was required to spend substanital amounts in order to complete the work, including: more than one million dollars to satisfy lien claims, two million dollars in additional costs associated with replacement contractors, and legal fees.  First Hartford also asserts a veil-piercing claim against Defendants Polasek and Hodges.  It alleges that, in the final days of Omega's corporate existence, Polasek and Hodges (the shareholders of Omega) personally directed Omega funds, which properly should have been used to pay subcontractors on the CVS projects, to discharge debts for which Polasek and Hodges were personally liable but were unrelated to Omega's corporate purpose.

On April 10, 2013, Polasek and Hodges filed motions for summary judgement in which they argued that this matter should be dismissed because First Hartford had not directly sustained any damages.  On July 3, 2013, the Court denied the motions, with written reasons to follow.  In its written reasons, the Court held that Defendants' damages argument was a procedural objection to prudential standing under Rule 17.  The Court dismissed the objection, finding that CVS had

validly ratified this action under Rule 17.[1]

The day after this Court issued its written reasons, Polasek filed the instant Motion to Dismiss, and Hodges filed a similar motion shortly thereafter.  Defendants assert the same arguments once rejected by the Court, that this matter should be dismissed because First Hartford has not sustained monetary damages.  This time, Defendants argue that First Hartford lacks constitutional, as opposed to prudential, standing and, accordingly, that this Court lacks subject matter jurisdiction over this action.

## LEGAL STANDARD

If, at any time, the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)).  As a prerequisite to jurisdiction the U.S. Constitution requires, at a minimum, that a case present an actual "case or controversy" as defined by article III.  *See* U.S. Const. art. III, § 2; *Flast v. Cohen,* 392 U.S. 83, 94–95 (1968).  Standing is an element of the constitutional requirement of "case or controversy," *Lang v. French,* 154 F.3d

---

[1] First Hartford subsequently sought, and the Court granted, leave to amend the complaint and add CVS as a plaintiff to this action.

217,222 n.28 (5th Cir. 1998), and lack of standing deprives the court of subject matter jurisdiction, *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC),* 540 F.3d 351, 354–55 n.1 (5th Cir. 2008).  The party seeking to invoke federal jurisdiction has the burden of establishing standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992); *Grant v. Gilbert,* 324 F.3d 383, 387 (5th Cir. 2003).

## LAW AND ANALYSIS

Defendants clearly conflate the concepts of constitutional standing and the merits of the underlying action.  Generally speaking, in order to have constitutional standing to bring a claim, a plaintiff must satisfy three elements: 1) injury-in-fact; 2) the injury must be related to the conduct complained of; and, 3) the injury must be one which can conceivably be redressed by the suit. *Lujan*, 504 U.S. at 560-61.  The Supreme Court has noted that concept of constitutional standing is often confused with the merits of the underlying action, despite the fact that they are two very different issues.  *Bond v. U.S.*, 131 S. Ct. 2355, 2362 (2011) ("Even though decisions . . . have been careful to use the terms 'cause of action' and 'standing' with more precision, the distinct concepts can be difficult to keep separate.  Still, the question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of a dispute . . .  and conflation of the two concepts can cause confusion."); *see also* 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3531 at 43 (3d ed. 1998).

Defendants argue that First Hartford has not actually sustained any damages because CVS, not First Hartford, paid all the sums necessary to remedy Omega's alleged breach of the construction contracts. Thus, according to Defendants, First Hartford has not suffered an injury-in-fact and lacks constitutional standing to bring this action.

While the doctrine of constitutional standing may be applicable in private disputes, courts more often address the question of prudential standing. *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319 (5th Cir. 1999). In *Ensley*, the plaintiff sued a corporation for breach of contract and, alternatively, quantum meruit. *Id*. at 317. At the close of trial, defendant moved for judgment as a matter of law, arguing that the plaintiff lacked constitutional standing to bring a claim because it owed a contractual duty to plaintiff's business and thus it was the plaintiff's business, not plaintiff, who suffered damages. *Id*. at 318. The trial court granted the motion, finding that the plaintiff has not suffered the required injury-in-fact because he had not personally suffered any damages. *Id*. On appeal, the Fifth Circuit rejected the argument that damages and constitutional standing were the same inquiry. *Id*. at 319. The court, after quickly dismissing the constitutional standing argument, held that the real issue in the case was prudential standing under Rule 17. *Id*. at 320.

Like in *Ensley*, this Court has no difficulty dismissing the constitutional standing argument. Defendants argue that First Hartford has not suffered any injury-in-fact because it has not personally sustained any damages. An identical argument was rejected in *Ensley*, and this Court rejects it here. Instead, Defendants' objection is properly addressed as an objection to prudential

5

standing under Rule 17. The Court has already addressed that objection, and declines to readdress it here.

**CONCLUSION**

For the foregoing reasons, the Motions to Dismiss are DENIED.

New Orleans, Louisiana, this __9th__ day of October, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**