UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FIRST HARTFORD REALTY CORP.                          CIVIL ACTION

VERSUS                                                NO. 11-2294

OMEGA CONTRACTORS INC. ET AL                         SECTION "H"(1)


# ORDER

Before the Court are three Motions *in limine* filed by the parties. Defendants, Heath Polasek and Gene Hodges, seek to exclude evidence of Omega's alleged lack of compliance with corporate formalities and any evidence related to First Hartford's claim for damages (Docs. 263, 265). Plaintiffs, First Hartford and CVS, seek to exclude evidence of certain conduct by CVS (and its employees) that may have contributed to the alleged losses (Doc. 264). For the following reasons all Motion are denied.[1]

## LEGAL STANDARD

"The essential prerequisite of admissibility is relevance." *United States v. Hall*, 653 F.3d 1002, 1005 (5th Cir. 1981). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Whether a fact is of consequence is a question governed by the

---

[1] The Court and the parties are intimately familiar with the facts of this case and thus they are not repeated here. *See* Docs. 208, 242, 298.

1

substantive law applicable to the case. *Hall*, 653 F.2d at 1005. "A district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury.'" *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013) (alterations in original) (quoting Fed. R. Evid. 403). Because Rule 403 "is an extraordinary measure [that] permits a trial court to exclude concededly probative evidence . . . it should be used sparingly." *Shepherd v. Dall. Cnty.*, 591 F.3d 445, 456–57 (5th Cir. 2009) (first alteration in original) (internal quotation marks and citation omitted).

## LAW AND ANALYSIS

### A. Defendants' Motions – Docs. 263, 265[2]

Defendants' move this Court to exclude all evidence of First Hartford's alleged damages as well as certain evidence related to Plaintiffs' veil piercing claim on the grounds that it is irrelevant under Texas law. The Court's prior orders have rejected Defendants' damages argument and the Court declines to revisit those rulings again. *See* Doc. 298. Thus, the only issue remaining is Defendants' argument regarding Plaintiffs' veil piercing claim. In order to resolve this dispute, the Court must address Texas law on piercing the corporate veil.[3]

The general Texas rule on veil piercing is found in Section 21.223 of the Texas Business Organizations Code. Section 21.223 provides that the shareholder of a corporation generally cannot be held liable for a contractual obligation of a corporation or any matter related to such an obligation. There is a single exception that exists where the shareholder causes the corporation

---

[2] Defendants' Motions each present identical arguments and thus they will be addressed together.

[3] The Court has previously held that Plaintiffs' veil piercing claim is governed by Texas law. *See* Doc. 208.

to be used for the purpose of perpetrating an actual fraud for the direct personal benefit of the shareholder. Tex. Bus. Orgs. Code § 21.223. Thus, as to contractual claims, the only veil piercing theory available to Plaintiffs is "actual fraud." Both the Texas Supreme Court and the Fifth Circuit have recognized this reality. *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443 (5th Cir. 2013) (citing *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 451 (Tex.2008)). However, actual fraud for purposes of Section 21.223 is not the same as the common law tort of fraud. Actual fraud for the purposes of the statue is "dishonesty of purpose or intent to deceive." *Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 387 (Tex. App. 2007). Thus, in order to pierce the corporate veil for Plaintiffs' contractual claims, Plaintiffs must prove that (1) Polasek and/or Hodges caused the corporation to be used for the purpose of perpetrating an actual fraud; (2) that fraud was perpetrated on Plaintiffs; (3) the fraud was for the personal benefit of Polasek and Hodges.

Defendants argue that actual fraud is the only way to pierce the corporate veil in Texas. They are incorrect. In *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986), the Texas Supreme Court held that the corporate veil could be pierced on the basis of constructive fraud. The Fifth Circuit recently explained the rule of *Castleberry*:

> [T[he Texas Supreme Court held in *Castleberry v. Branscum* that [the corporate veil can be pierced] "when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." Further, "constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests." Under the doctrine of constructive fraud, "[n]either fraud nor an intent to defraud need be shown as a prerequisite to disregarding the corporate entity; it is sufficient if recognizing the separate corporate existence would

> bring about an inequitable result." "Examples [of an inequitable result] are when the corporate structure has been abused to perpetrate a fraud, evade an existing obligation, achieve or perpetrate a monopoly, circumvent a statute, protect a crime, or justify wrong." The Castleberry court also stated that, "t]o prove there has been a sham to perpetrate a fraud, tort claimants and contract creditors must show only constructive fraud."

*Lam*, 730 F.3d at 443 (5th Cir. 2013) (internal citations omitted). Defendants correctly note that Section 21.223 was enacted after *Castleberry*, however the Texas Supreme Court has explicitly held that *Castleberry* still applies to extra-contractual claims notwithstanding the enactment of Section 21.223. *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 456 (Tex. 2008). Therefore, as to Plaintiffs' extra-contractual claims, Plaintiffs may offer evidence of constructive fraud.

In light of Texas law on veil piercing, Defendants ask the Court to exclude any evidence of Omega's corporate formalities, including the minutes of shareholder meetings. Defendants argue that section 21.223 specifically provides that the corporate veil may not be pierced based on a corporation's failure to observe corporate formalities. Therefore, according to Defendants, all evidence of corporate formalities is irrelevant. Defendants are partially correct. They correctly state that the Court may not pierce the corporate veil based on Omega's failure to observe corporate formalities, however that does not render evidence of shareholder meetings irrelevant. Plaintiffs intend to offer evidence of shareholder meetings in support of their claim that part of Defendants' fraud took place in those meetings. Thus, the evidence is relevant to Plaintiffs' veil piercing claims, and Defendants' Motions to exclude this evidence is denied.

**B. Plaintiffs' Motion – Doc. 264**

Plaintiffs move this Court to exclude evidence regarding First Hartford's knowledge of Omega's alleged insolvency, evidence that First Hartford failed to adequately insure the construction contracts, and evidence that a CVS employee violated CVS's gifts policy. The Court finds that the challenged evidence is relevant to the jury's determination of fault in this case. Furthermore, Plaintiffs have failed to meet their burden to demonstrate that the probative value of the challenged evidence is substantially outweighed by its prejudicial effect.

Accordingly;

**IT IS ORDERED** that the Motions are **DENIED**.


New Orleans, Louisiana, this 22nd day of April, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**